PRICE, Judge.
This proceeding was instituted by a petition of the Division of Family Services of the State of Louisiana seeking to remove five minor children from the home of their parent and step-parent on allegations the children were being neglected.
The children, all boys, range in age from four years through twelve years. The four older children were born to appellant, Joyce Stevens, prior to her marriage to Marvin Stevens. Family Services initiated an investigation after receipt of complaints that the children were being physically abused, neglected, and subjected to immoral conditions by Mr. and Mrs. Stevens. As a result of the investigation, Family Services requested, and was granted, an order awarding it the temporary custody of the children pending a hearing. Following a contradictory hearing, the court made its temporary custody order absolute, and placed the children under the custody of Family Services.
Joyce Stevens, the mother of the children, has appealed assigning as error the insufficiency of proof on which the district court based its finding of neglect.
LSA-R.S. 13:1570 grants the district court jurisdiction over a child under seventeen years whose parent neglects to provide the necessary care for his well being.
A neglected child is further defined in LSA-R.S. 13:1569, paragraph 16b as one:
sfc * ¡{c # * sjs
who is without proper parental care and control, or subsistence, education, medical or other care or control necessary for his well being because of the faults or habits of his parents, tutor, or other custodian or their neglect or refusal, when able to do so, to provide them; or
* * * * * *
Although there is evidence of unsanitary and unwholesome living conditions in the family home, the most serious complaints on which the trial judge based his order were instances of physical abuse of the children and improper sexual behavior by the parents in their presence.
The four-year-old child was found to have bruises on his face and back which the twelve-year-old child testified were caused by Mr. Stevens striking the child with his hand and with a belt. The severity and nature of the bruises were confirmed by a physician who saw the child at the request of Family Services.
The twelve-year-old child further testified the children were afraid of Mr. Stevens, and that he frequently struck or kicked the children when angry at them.
This same child testified Mr. and Mrs. Stevens improperly subjected the children to viewing of sexual activity in the home on frequent occasions.
Although appellant denies these accusations, the trial judge found the testimony of *1207 the child believable, and concluded there was a “tenor of violence in the household” which would subject the children to the possibility of injury. He further found the evidence of improper sexual behavior to be detrimental to the best interest of the children.
These findings by the trial court are supported by the evidence and bring the children within the purview of the statutory definition of a “neglected child.” The judgment is affirmed at appellant’s costs.